IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ABIGAIL S. RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-09321-JAR-JPO |
| | ) | |
| SWIFT TRANSPORTATION CO. of | ) | |
| ARIZONA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## <u>AGREED PROTECTIVE ORDER</u>

Abigail S. Rivera ("Plaintiff") and Swift Transportation Co. of Arizona, LLC ("Defendant") (collectively the "Parties"), by and through their undersigned counsel, agree that this is a lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and common law, and many documents exchanged in discovery will contain information that is sensitive and confidential, including, but not limited to initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and any information derived directly therefrom. This case involves allegations by Plaintiff that she was discriminated against on the basis of her gender and was sexually harassed, that she was retaliated against, that she was battered by alleged employees, and that Defendant was negligent in hiring and retaining the alleged batterers. The parties will exchange documents containing proprietary business and financial information, in addition to confidential medical information related to Plaintiff and possibly other employees. Such medical records will be covered by the Health Insurance Portability and Accountability Act ("HIPAA"). More, the parties anticipate that they will exchange confidential personnel information related to Plaintiff as well as other employees who are not parties to this litigation and whose confidential information should not be subject to

public disclosure. They jointly request entry of this Protective Order (also referred to herein as the "Order").

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and enters the following Protective Order:

1.    **Scope**: All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definitions**: The following terms, as used herein, shall, without limiting the generality of the meaning of those terms, be construed as follows:

(a)    "Parties" shall mean Plaintiff and Defendant.

(b)    "Counsel" shall mean the attorneys representing the Parties in this action.

(c)    "Confidential Information" shall be limited to documents or information that a party in good faith believes, consistent with Fed. R. Civ. P. 26(c) and relevant case law, contains non-public, personal, intimate or commercially sensitive information such as (and not by way of limitation) personnel information, medical information, proprietary business records, trade secrets, records whose disclosure is restricted or prohibited by law, and confidential financial information, that require the protections provided in this Order. Additionally, counsel and parties to the above-captioned case may be given access to confidential medical records protected by HIPAA that require the protections provided in this Order.

2

(d)    In no event shall a party designate as "Confidential" any document or information that is or has been available to the general public. To the extent any document marked "Confidential" under the Order is lawfully acquired by the non-designating party from a third party having the right to disclose such information or material or becomes available to the general public by means other than a violation of this Protective Order, the document shall no longer be deemed "Confidential" under the terms of this Order.

(e)    "Producing Party" means a party or non-party that produces disclosure or discovery material in this action.

(f)    "Designating Party" means a party that designates information or items that it produces in disclosures or in response to discovery as "Confidential."

(g)    "Challenging Party" means a party that challenges the designation of information or documents as "Confidential" under this Order

3.    **Limitation on Use**: Except as otherwise provided herein, any Confidential Information produced in this action shall be used or disclosed solely for the purpose of this litigation, including appeals and attempts to resolve this case through mediation or any other settlement process, unless ordered or requested by this Court, or another Court or administrative agency with jurisdiction. Additionally, the Parties agree that upon written notice to the producing party, Confidential Information may be used to defend ethical or other complaints arising after the final resolution of this matter and directly related to this matter so long as the confidential status and use of such documents is subject to protections substantially the same as those set forth in this Order.

CORE/3004767.0002/114058089.1

4.     **Disclosure of Confidential Information**: Except as otherwise provided in this Order, material designated as Confidential Information may be examined only by the following persons:

(a)     Parties, including any employees, agents, and representatives of the parties;

(b)     Counsel for the Parties, as well as legal assistants, clerical assistants or other assistants employed by Counsel;

(c)     To the extent necessary for the prosecution or defense of this matter, independent consultants (e.g., professional jury or trial consultants, including mock juries) or experts retained in connection with the instant action by the Parties' counsel so long as they sign the attached Agreement to be Bound and Stipulation of Confidentiality;

(d)     Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(e)     Professional vendors (e.g., photocopying, document management, and other litigation support services) only to the extent necessary to provide litigation support services;

(f)     Mediators that the Parties engage or that the Court appoints in this matter;

(g)     Judges, clerks, other personnel of any court of competent jurisdiction or jurors in any proceedings related to this action;

(h)     The author or direct or indirect recipients of a document that is designated Confidential (not including a person who received the document in the course of the litigation);

(i)      Any fact or expert witnesses whom Counsel believes in good faith may testify at deposition or trial, and his or her counsel, to the extent such document or testimony designated Confidential may assist the witness in recalling, relating or explaining facts or in testifying, so long as they sign the attached Agreement to be Bound and Stipulation of Confidentiality; and

(j)      Other persons only upon written consent of the producing party and on such conditions as the parties may agree.

5.      **Designating Confidential Information**:

(a)      Each party that designates information or items for protection pursuant to this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, including Fed. R. Civ. P. 26(c) case law. No information shall be deemed Confidential unless so designated pursuant to this Order.

(b)      The Producing Party shall designate information or documents as "Confidential Information" by placing or affixing on such material (in such manner as will not interfere with the legibility thereof) a "Confidential" stamp or the equivalent on each page that contains protected information.

(c)      For testimony given in a deposition or in other pretrial or trial proceedings,  a Party shall have the right to have up to fourteen (14) days from receipt of the transcript to identify the specific portions of testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of testimony that are designated for protection within the 14 days shall be covered by the provisions of this Order. Until the 14-day period has expired or the

5

Designating Party has made its designation, whichever is sooner, the transcript shall be treated as Confidential Information. After the 14-day period has expired or the Designating Party has made its designation, the transcript shall be treated only as actually designated.

(d)     A party may also designate as Confidential Information appropriate documents or information received from non-parties pursuant to a subpoena. A party seeking to designate such documents or information shall do so in accordance with the procedures outlined in the preceding paragraphs. The Designating Party shall have up to 21 days from receipt of the documents to designate the specific portions of documents as to which protection is sought. Until the 21-day period has expired or the Designating Party has made its designation, whichever is sooner, the documents shall be treated as Confidential Information. After the 21-day period has expired or the Designating Party has made its designation, the documents shall be treated only as actually designated.

(e)     Inadvertent failure by a party to designate any information as Confidential shall not constitute a waiver of the party's right to designate such information, so long as a claim of Confidentiality is asserted within a reasonable time after discovery of the inadvertent failure. Any such designation shall be prospective in effect and shall not have the effect of deeming any prior disclosure of such information a breach of this Order or any order entered hereon.

(f)     The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

6

(g)     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without the prior consent of any other person or the Court.

6.      **Challenging Confidentiality Designations**:

(a)     The Parties shall have the right to challenge any designation of documents as "Confidential Information." The Parties agree that before seeking any relief from the Court they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information. The party shall initiate the dispute resolution process by providing written notice of the designation(s) it is challenging and describing the basis for the challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) days of the date of service of notice.

(b)     If the Parties cannot resolve a challenge without Court intervention, they shall submit a joint letter to the Court requesting an informal conference with the Court. The Designating Party may prepare and circulate a draft of the joint letter to the Challenging Party within fourteen (14) days of impasse. The Challenging Party shall have fourteen (14) days from service of the draft letter to insert its position. The Designating Party shall thereafter have fourteen (14) days to insert its reply. The Parties may request and agree to reasonable extensions of these deadlines. However, if one party does not complete their respective section of the joint letter within the applicable deadline, and there is no agreement for an extension, the other party may submit the letter to the Court for determination.

7

(c)     The burden of persuasion in any challenge proceeding shall be on the Designating

        Party.

(d)     All Parties will treat all materials or information designated as protected in

        accordance with the requirements of this Order during the pendency of any

        motion brought in accordance with the procedures outlined in the preceding

        paragraph.

7.      **Return of Confidential Information.**

(a)     Within ninety (90) days after the conclusion of this action by final judgment not

        subject to appeal or by settlement, any party other than the Producing Party who

        possesses documents or other items constituting or containing Confidential

        Information (except for attorney notes, pleadings, transcripts, and other court

        submissions and exhibits thereto) shall, at the option and written request of the

        Producing Party, either (a) return such material in its custody or control, including

        in the possession of consultants and experts of that party, to the extent they may

        be located through a reasonable search; or (b) certify that the party has taken

        reasonable and practical actions to locate and destroy any paper copies of such

        materials in its custody or control, including in the possession of consultants of

        that party, and has taken reasonable and practical actions to locate and delete

        electronic copies of such materials from live or active databases and servers it

        maintains. Notwithstanding the foregoing, parties are required to return or destroy

        protected health information of any individual in their possession within ninety

        (90) days after the conclusion of this action by final judgment not subject to

        appeal or settlement regardless of whether a written or oral request is made by the

8

Producing Party. However, counsel in this lawsuit may maintain a copy of all Confidential Information as a part of counsel's case files, except protected health information. Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that a party, its counsel, and consultants must destroy all protected health information in its possession; nor shall this section require counsel to delete work product material.

8.     **Waiver of Confidential Designation.** The Producing Party may not waive the confidentiality provisions of this Order as to any information designated as Confidential or any portion thereof, except by explicit written waiver. Any such waiver shall not result in a waiver of the confidential status of any other information deemed Confidential pursuant to this Order. Use of information acquired through independent search or investigation (other than discovery from the parties to this action) or which is in the public domain shall not be restricted by the terms of this Order.

9.     **Filing Protected Materials**:

(a)     Any Confidential Information may be filed with the Court, introduced into evidence, or produced at a deposition if agreed to in writing by the parties or otherwise ordered by the Court.

(b)     Absent such written agreement or an Order from the Court, in the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure

9

including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

(c)     Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

10.     **Use of Confidential Documents or Information at Trial or Hearing**. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

CORE/3004767.0002/114058089.1

11.    **Order Subject to Modification.**

(a)    Any party that desires relief from the provisions of this Order or desires further protection with respect to discovery may, if agreement cannot be negotiated between the Plaintiff and Defendant, seek appropriate relief from the Court upon no less than 3 days' notice to counsel for the other party.

(b)    This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.    **Protective Order Remains in Effect**. This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the Parties hereto or by Court order. Unless agreed or ordered, the provisions herein will remain in effect and continue to be binding after conclusion of the litigation.

13.    **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The protections afforded by the attorney-client privilege and work product doctrine shall not be waived by a party's disclosure of otherwise protected communications or documents in connection with the within litigation, unless such disclosure was made with the specific intention by the party to waive such protections as to the communications or documents in question. A party who produces any privileged documents or communications, without the specific intention to waive such protections as to the document or communication in question, may, within twenty-one (21) days after the producing party actually discovers, through any source, that such inadvertent production occurred, notify the other party that such document or communication was inadvertently produced and should have been

11

withheld as protected by the attorney-client privilege or work product doctrine. If such notice occurs, the production will not constitute a waiver of the protections afforded by the attorney-client privilege and work product doctrine. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or communication and any copies thereof and destroy any notes relating to same.

14. **No Admission of Relevance or Admissibility.** Nothing in this Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

15. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

16. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Stipulation will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

IT IS SO ORDERED.

Dated: January 15, 2016          s/ James P. O'Hara
                                 U.S. Magistrate Judge O'Hara

12

Approved by:

| | |
|---|---|
| *Jennifer P. Kyner* | *Molly E. Walsh* |
| Jennifer P. Kyner, KS #18107 | **STINSON LEONARD STREET LLP** |
| Kyner Law, P.C. | Molly E. Walsh, KS # 24119 |
| 4800 Rainbow, Suite 200 | 1201 Walnut, Suite 2900 |
| Westwood, KS 66205 | Kansas City, Missouri 64106 |
| Telephone: (913) 491-3200 | (816) 842-8600 (telephone) |
| Facsimile: (913) 273-1200 | (816) 691-3495 (facsimile) |
| jkyner@kynerlaw.com | molly.walsh@stinson.com |
| | |
| Paul O. Taylor (*pro hac vice*) | Carrie M. Francis (*pro hac vice*) |
| Taylor & Associates, Ltd. | 1850 North Central Ave, Suite 2100 |
| 900 W. 128th Street, Suite 100 | Phoenix, Arizona 85004 |
| Burnsville, MN 55337 | (602) 212-8535 (telephone) |
| Office: 952.657.7780 | (602) 586-5214 (facsimile) |
| Cell: 651.454.5800 | carrie.francis@stinson.com |
| Fax No. 888.763.8395 | |
| paul.taylor@truckersjusticecenter.com | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiff Abigail S. Rivera* | |

CORE/3004767.0002/114058089.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ABIGAIL S. RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-09321-JAR-JPO |
| | ) | |
| SWIFT TRANSPORTATION CO. of | ) | |
| ARIZONA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## AGREEMENT TO BE BOUND AND
## STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1.      I have read and am familiar with the terms of the Protective Order ("Order") in the above-captioned case governing disclosure of information designated as confidential.

2.      I have been instructed by counsel that any information designated as "Confidential Information" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case, including attempts to resolve the case through mediation or any other settlement process, and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Order.

3.      I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Order I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4.      1 agree to return to producing counsel any and all documentation delivered to me under the terms of the Order and all copies thereof and to destroy any notes in my possession containing any Confidential Information covered by the terms of this Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 201__, at _____.


_____
Signature

_____
Printed Name

_____
Address

_____

2

CORE/3004767.0002/114058089.1